IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUL 27 2009

| | | |
|---|---|---|
| Adelmo Ely Gonzalez-Reyna, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09cv522 (AJT/TCB) |
| | ) | |
| E. Ellis, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Adelmo Ely Gonzalez-Reyna, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with his medical care at Powhatan Correctional Center ("PCC"). By Order dated June 8, 2009, plaintiff was advised that no claim of constitutional dimension was stated in the initial complaint, and he was allowed an opportunity to particularize and amend his allegations. In accordance with those instructions, plaintiff has now filed an amended complaint, along with numerous exhibits. After careful review of the amended complaint and accompanying exhibits, the Court finds that plaintiff has failed to state a claim for which § 1983 relief is available, and the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

## I. Background

In the amended complaint, plaintiff states that beginning in February, 2007, he filed sick call requests regarding a rash that had formed on his feet and legs. In July, 2007, after the rash spread to plaintiff's chest and neck, Dr. Amonette diagnosed plaintiff's condition as "severe dermatitis," and for the next eighteen months plaintiff "was prescribed a number of unsuccessful treatments by various physicians" at PCC. Amended Compl. at 1. Plaintiff was told repeatedly that he would be referred to a dermatologist for examination of the rash, and when no such appointment was forthcoming plaintiff submitted a request for proper treatment to Dr. Toney, the Medical Director at PCC, because the rash was extremely painful and caused plaintiff a great deal of physical discomfort and loss of sleep. Dr. Toney responded on March 5, 2008 that plaintiff would be referred to a dermatologist in the near future. On January 15, 2009, plaintiff submitted another sick call request for treatment of the rash and renewal of his Benedryl medication, and although the medication renewal was "noted" plaintiff still was not notified of a medical appointment.

On February 4, 2009, plaintiff filed an informal complaint, and the response he received stated that he had been scheduled for a dermatologist appointment but he did not show up. Plaintiff asserts that he was never notified of any appointment, so he filed a grievance protesting the lack of treatment of his condition. The remedy plaintiff received was the rescheduling of the medical appointment and the receipt of instructions on proper procedures concerning sick call. Plaintiff thereupon filed a Level II grievance regarding his situation, and on March 16, 2009, the Health Services Director determined that the grievance was founded, as plaintiff had requested medication renewal and a doctor visit on January 16, 2009, but was not seen until February 11, 2009, in violation

---

(2) seeks monetary relief from a defendant who is immune from such relief.

of Department of Corrections O.P. 720. The medical department at plaintiff's place of incarceration was "notified and educated on the importance of offenders being scheduled/seen within the appropriate time frame" specified by Department of Corrections policy and procedures. (Docket # 8, Inmate Grievance Response Form, Level II). However, despite this grievance being decided in his favor, plaintiff was not refunded the $5.00 medical co-pay which had been subtracted from his account for the appointment of which he was not notified, and the appointment was not immediately rescheduled. Plaintiff asserts that his rash continues to irritate him, causing him to suffer pain, loss of sleep, and scarring.

As defendants, plaintiff names Nurse Ray, Nurse Ellis, and Dr. Toney, all of whom are alleged to have shown deliberate indifference to plaintiff's serious medical needs. As relief, plaintiff seeks an award of $3,400,000.00 in damages.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict

exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). "Deliberate indifference

may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

At this juncture, it is apparent that plaintiff's claim of inadequate medical care fails to meet the requirements for an actionable Eighth Amendment violation. As to the first prong of the standard applicable to such a claim, it is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation. Cf. Cooper, 814 F.2d at 945. However, even assuming *aguendo* that plaintiff's rash could be considered sufficiently serious to satisfy the first element of an Eighth Amendment claim, his allegations regarding the prison medical staff's efforts to treat that condition belie his assertion that defendants were deliberately indifferent to his medical needs. According to plaintiff's own account, he was prescribed a "number of ... treatments by various physicians here at Powhatan" for his rash, Compl. at 1, although such treatments apparently were not effective. Plaintiff received Benedryl for the condition, and he was scheduled to see a dermatologist although apparently he was not properly notified of the appointment. These steps bespeak neither actual intent to ignore plaintiff's dermatitis nor reckless disregard of that condition, cf. Miltier, 896 F.2d at 851, so an Eighth Amendment violation has not been demonstrated. The apparent fact that plaintiff disagreed with the medical staff as to many of the particulars of his treatment does not render that care actionable. Wright, 766 F.2d at 849.

Additionally, the asserted fact that plaintiff was required to make a $5.00 co-pay for his scheduled but missed dermatologist appointment likewise does not amount to a constitutional deprivation. The requirement of a co-payment for prison medical services is not per se deliberate

indifference to a serious medical need. See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997); Johnson v. Dep't of Pub. Safety & Correctional Servs., 885 F. Supp. 817, 820 (D. Md. 1995). Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim. Johnson, 885 F. Supp. at 820. Moreover, the allocation of the cost of medical care is matter of state law. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 (1983). Only when medical care is denied to an inmate because of inability to make a co-payment are deliberate indifference concerns under the Eighth Amendment implicated. See, e.g., Collins v. Romer, 962 F.2d 1508, 1514 (10th Cir. 1992). Here, then, taking as true plaintiff's allegation that he was not properly notified of his scheduled dermatologist appointment, his forfeiture of the $5.00 co-payment does not state a claim for which § 1983 relief is available.

## IV.

For the foregoing reasons, plaintiff's amended complaint states no claim for violation of his rights under the Eighth Amendment and must be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

Accordingly, it is hereby

ORDERED that plaintiff's complaint be and is DISMISSED, WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[2] this dismissal

---

[2] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Fed R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff and to close this civil case.

Entered this 27th day of July 2009.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge